Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
Evan Littman (Bar No. 358272)
elittman@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (310) 437-8665
Facsimile:    (310) 943-2085

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>DEATH BY DOLLS, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.:  2:25-cv-4539<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, BackGrid USA, Inc. ("Backgrid"), complains against Defendant, Death by Dolls, LLC ("Death by Dolls"), a California limited liability company, and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.  This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Specifically, Defendant Death by Dolls is a California corporation and regularly does business in Los Angeles, California. Death by Dolls' own website states, "[w]e are based in Los Angeles, California." Moreover, Defendant's social media content, including the content at issue in this litigation, targets consumers from Southern California and, on information and belief, is intended to promote Defendant's business in Southern California.

## PARTIES

3.  Plaintiff BackGrid USA, Inc. is a California corporation with its principal place of business located in Los Angeles, California.

4.  Defendant Death by Dolls, LLC is a California limited liability company with its principal place of business in Los Angeles, California.

5.  The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

**COMPLAINT**

1    Plaintiff will ask leave of Court to amend this Complaint and insert the true names
2    and capacities of said Defendants when the same have been ascertained.

3

4                    **FACTS COMMON TO ALL COUNTS**

5                *Backgrid and the Photographs that Frame This Dispute*

6        6.      Backgrid owns and operates one of Hollywood's largest celebrity-
7    photograph agencies that has earned a reputation of regularly breaking scoops on
8    sought after celebrity news. It owns the intellectual property rights, including the
9    copyrights, to celebrity photographs that have been licensed to numerous top-tier
10   outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine,
11   Huffington Post, the Daily Mail, as well as many television stations, newspapers
12   and other prominent media outlets throughout the world. Each license has been
13   granted for valuable consideration, up to hundreds of thousands of dollars.

14       7.      Among many other in-demand photographs, Backgrid owns coveted
15   photographs of celebrities, including Tinashe (hereinafter the "Tinashe
16   Photographs"). All rights, title and interest in the Tinashe Photographs (the
17   photographs at issue in this case), including but not limited to the timely registered
18   copyrights thereon, are owned by Backgrid.

19       8.      Backgrid filed for copyright registration of the Tinashe Photographs
20   within 90 days of their first publication with the United States Copyright Office.
21   *See* VA0002303453.

22               *Defendant and Its Willful Infringing Activity*

23       9.      Defendant Death by Dolls, LLC is a clothing retailer that sells
24   women's clothing and fashion accessories. It launches seasonal collections of
25   clothing for women and encourages them to "express oneself through fashion."
26   According to its website, Death by Dolls was founded in 2008 and is currently run
27   by Sara Al-Saud.

28

                                    3

10.     On information and belief, Defendant operates and controls an Instagram account located at @deathbydollsofficial ("Instagram Account") to promote its brand and business. The Instagram Account has a blue checkmark verification, indicating that Instagram has verified that the account belongs to Defendant, and it currently has over 38,600 followers.

11.     Defendant violated federal law by willfully infringing Backgrid's copyrights to at least 3 timely registered Tinashe Photographs on, at least, the Instagram Account. Attached hereto as Exhibit A and incorporated herein by reference are true and correct screenshots of the Instagram Account, including screenshots of the 3 infringed photographs at issue in this lawsuit. Defendant used one of the 3 photos twice: first by posting the photo in full, then posting a zoomed-in version of the same photo.

12.     Additionally, Defendant induced, caused, or materially contributed to the reproduction, distribution and public display of the Tinashe Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on its accounts were without permission, consent, or license.  By uploading the Tinashe Photographs to the account, Defendant encourages its fans, followers, customers, and potential customers to "share" the photographs, thus, causing others to also willfully infringe and multiplying the harm to Backgrid.

13.     On information and belief, Defendant operates and controls the Instagram Account at all times relevant to this dispute and financially benefits from the infringement of the Tinashe Photographs displayed thereto.  On information and belief, Defendant has driven significant traffic to its Instagram Account in large part due to the presence of the sought after and searched-for Tinashe Photographs that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of its infringing actions.

**COMPLAINT**

14.     Defendant's unauthorized use of the Tinashe Photographs was highly commercial because it was intentionally designed to promote its brand and sell its products. Defendant's infringing post read, "@tinashenow Wearing @deathbydollsofficial denim trench," specifically tagging Tinashe's Instagram account in an attempt to leverage BackGrid's copyrighted works to promote sales of its product to Tinashe's 4.6m followers, in addition to its own 37,400+ followers.

15.     BackGrid attempted to resolve this lawsuit prior to filing this Action. However, after BackGrid made exhaustive efforts to communicate with Defendant and discuss a resolution in good faith, Defendant stopped responding to BackGrid. Defendant's refusal to substantively engage with BackGrid left BackGrid with no other choice but to file this lawsuit.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

16.     Backgrid incorporates hereby reference the allegations in paragraphs 1 through 15above.

17.     Backgrid is the owner of all rights, title, and interest in the copyrights of the Tinashe Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

18.     Backgrid filed for copyright registration of the Tinashe Photographs within 90 days of their first publication with the United States Copyright Office.

19.     Defendant has directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Tinashe Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

20.     All of the Defendant's acts are and were performed without permission, license, or consent of Backgrid.

5

**COMPLAINT**

21.    Backgrid has identified at least 4 instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of others' reproduction of its photographs). Defendant infringed 3 of BackGrid's photos. It used one of them twice: first by posting the photo in full, then posting a zoomed-in version of the photo.

22.    As a result of the acts of Defendant alleged herein, Backgrid has suffered substantial economic damage.

23.    Defendant has willfully infringed, and, unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendant's encouragement of the infringement and financial benefit it receives from Backgrid's copyrights.

24.    The wrongful acts of Defendant have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendant from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendant is infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

25.    The above-documented infringements alone would entitle Backgrid to a potential award of up to $450,000 in statutory damages for the at-least 3 infringed photographs, in addition to its attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    That the Defendant, and its officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting,

**COMPLAINT**

advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Backgrid;

2.     That an accounting be made for all profits, income, receipts or other benefit derived by Defendant from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3.     For actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5.     For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6.     For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7.     For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505;

8.     For any such other and further relief as the Court may deem just and appropriate.

Dated:  May 20, 2025          **ONE LLP**

By: */s/ Joanna Ardalan*
     Joanna Ardalan
     Evan Littman

     *Attorneys for Plaintiff,*
     BackGrid USA, Inc.

**COMPLAINT**

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2      Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so

3 triable under the law.

4

5 Dated:  May 20, 2025                    **ONE LLP**

6

7                                                By: *<u>/s/ Joanna Ardalan</u>*

8                                                    Joanna Ardalan
                                                     Evan Littman
9
                                                     *Attorneys for Plaintiff,*
10                                                   BackGrid USA, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**